CLD-156                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4060
_____

XANG SACKSITH,
                                       Appellant

v.

WARDEN CANAAN USP
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1-13-cv-01847)
District Judge:  Honorable William W. Caldwell

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 24, 2014
Before:  FUENTES, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: January 27, 2014 )
_____

OPINION
_____

PER CURIAM

       Pro se appellant Xang Sacksith, a federal prisoner currently confined at USP-

Canaan, appeals from an order of the United States District Court for the Middle District

of Pennsylvania dismissing his petition for habeas corpus under 28 U.S.C. § 2241.  We

have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and we exercise plenary

review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In 2004, Sacksith pleaded guilty in the Eastern District of Pennsylvania to conspiracy to distribute and to possess with intent to distribute MDMA in violation of 21 U.S.C. § 846, possession with intent to distribute methamphetamine and MDMA in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute methamphetamine and MDMA within 1,000 feet of a school in violation of 21 U.S.C. § 860(a). Because Sacksith had been previously convicted of two felony drug offenses in state court, he was subject to a mandatory minimum sentence of life imprisonment, see 21 U.S.C. § 841(b)(1)(A), and the District Court imposed that sentence in November 2011. Sacksith appealed the judgment to this Court, and we affirmed. See United States v. Sacksith, 248 F. App'x 430 (3d Cir. 2007).

Sacksith next filed a motion under 28 U.S.C. § 2255 in the Eastern District of Pennsylvania, raising numerous claims of ineffective assistance of counsel. The District Court denied that motion on the merits, and we refused to issue a certificate of appealability. See C.A. No. 10-2868.

After other filings not relevant here, Sacksith filed the petition under § 2241 that is at issue in this appeal. In this petition, Sacksith contended that his life sentence was unconstitutional under Alleyne v. United States, 133 S. Ct. 2151 (2013), because a judge, rather than a jury, had found the fact of his two prior state convictions. The District

2

Court dismissed Sacksith's petition for lack of jurisdiction, concluding that Sacksith's claim could be raised only, if at all, in a § 2255 motion. Sacksith then filed a timely notice of appeal.

We agree with the District Court's disposition of this case. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As we have recognized, "under the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court." Cradle, 290 F.3d at 538 (quoting § 2255(e)).

While a federal prisoner can seek relief under 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of his detention, this occurs "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his . . claims." Cradle, 290 F.3d at 538. This exception is extremely narrow and applies in only rare circumstances. In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that the exception could apply where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted.

Sacksith cannot avail himself of the exception in this case. As noted above, he relies on the Supreme Court's decision in Alleyne to support his petition. Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000): in Apprendi, the Court held that under the Fifth and Sixth Amendments, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

3

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt,"

Apprendi, 530 U.S. at 490, and in Alleyne, the Court held that the same rule applies also

to "facts that increase mandatory minimum sentences," Alleyne, 133 S. Ct. at 2163.[1]  We

have held that "§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his

Apprendi argument," Okereke, 307 F.3d at 121, and there is no basis to treat claims

brought under Alleyne differently.  Thus, the District Court did not err in dismissing

Sacksith's § 2241 petition.

For these reasons, we conclude that this appeal presents "no substantial question,"

and we will therefore summarily affirm the District Court's judgment.  See 3d Cir.

L.A.R. 27.4; I.O.P. 10.6.  We also deny as unnecessary Sacksith's request for a certificate

of appealability.  See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (certificate

of appealability not required to appeal the denial of a federal prisoner's § 2241 petition).

---

[1] As an aside, we observe that Sacksith misreads the relevant authority.  In Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held that the fact of a prior conviction is not an element of a crime and therefore may be found by a judge rather than a jury.  Id. at 242-43.  Contrary to Sacksith's contention, the Supreme Court's decision in Alleyne did not undermine Almendarez-Torres in any way.  Instead, the Supreme Court explicitly declined to revisit Almendarez-Torres.  See Alleyne, 133 S. Ct. at 2160 n.1; see also United States v. Blair, 734 F.3d 218, 226-27 (3d Cir. 2013).