PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4427
_____

UNITED STATES OF AMERICA

v.

CONRAD CLINTON BLAIR,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-11-cr-00108-001)
District Judge:  Honorable David S. Cercone
_____

Argued September 11, 2013

Before:   RENDELL, JORDAN and GREENAWAY, JR.,
*Circuit Judges*.

(Filed: November 4, 2013)
_____

Akin Adepoju, Esq.
Renee Pietropaolo, Esq.   [ARGUED]
Office of the Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
        *Counsel for Appellant*

Rebecca R. Haywood, Esq.
Laura S. Irwin, Esq.   [ARGUED]
Office of United States Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
        *Counsel for Appellee*

_____

OPINION OF THE COURT
_____

JORDAN, *Circuit Judge*.

Conrad Clinton Blair appeals a sentence imposed by the United States District Court for the Western District of Pennsylvania.  His appeal implicates a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and, in particular, presents the question of what are prior convictions for "violent felon[ies] … committed on occasions different from one another… ."  Because we conclude that Blair has at least three prior convictions for felonies committed on separate occasions, we will affirm.

## I.  Background

In 2011, Blair participated in the sale of guns, even though his criminal past rendered him a person prohibited by federal law from possessing a firearm.  After his arrest, he pled guilty to two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (making it "unlawful for any person … who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year … to … possess … any firearm").

A presentence investigation report ("PSR") recommended that Blair be sentenced under ACCA, which mandates a minimum 15-year prison sentence for anyone possessing a firearm after "three previous convictions … for a … violent felony … committed on occasions different from one another."  18 U.S.C. § 924(e).  Blair had pled guilty in Pennsylvania state court on September 14, 1987, to one count of third-degree robbery in the form of "physically tak[ing] or remov[ing] property from the person of another by force however slight," in violation of 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v), and to one count of armed burglary, in violation of 18 Pa. Cons. Stat. Ann. § 3502.  On May 6, 1991, he had again pled guilty,[1] this time to four counts of first-degree robbery in violation of 18 Pa. Cons. Stat. Ann. § 3701.  The charging documents accompanying the 1991 robbery convictions list the counts charged and, for each count, state that the "[f]elony committed or threatened" was "[a]ggravated

---

[1]  The District Court mistakenly indicated that the convictions were entered on May 6, 1990, instead of May 6, 1991.

3

[a]ssault." (App. at 137, 154, 171, 192.) The PSR recommended that each of the 1991 robbery counts be treated as a separate criminal episode committed on a separate occasion. The PSR thus calculated that, for purposes of ACCA, Blair had six prior convictions, which made him subject to the mandatory minimum sentence provided in that statute. Because the advisory Guidelines range fell below the mandatory minimum, that minimum of 15 years (180 months) became the recommended sentence.

Blair contested the applicability of ACCA, specifically arguing as to his 1987 convictions that the burglary conviction was not for the generic offense of burglary required under ACCA and that robbery by force however slight is not a violent felony under ACCA.[2] Of most pertinence for this appeal, he also argued that his 1991 robbery convictions qualified as, at most, one violent felony under ACCA, because they were entered on the same day and the charging documents did not conclusively establish that the

---

[2] Blair argues that his 1987 burglary indictment charged only burglary generally, which under the Pennsylvania statute could include entry into a vehicle or yard, and therefore, "the conviction did not necessarily rest on all elements of generic burglary" and so is not an ACCA predicate. (Appellant's Opening Br. at 28.) As to the 1987 robbery conviction, he says that robbery by force however slight, 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(v), does not qualify as a "violent felony" under ACCA because it "does not have force … as an element, [and it] does not otherwise involve conduct that presents a serious potential risk of physical injury to another." (Appellant's Opening Br. at 29.) We make no comment on either of those arguments.

4

crimes were "committed on occasions different from one another." The District Court reviewed Blair's prior convictions and his objections and determined that his 1987 robbery and burglary convictions were for violent felonies. The Court also held that Blair's four 1991 robbery convictions "at a minimum" established three separate violent felonies under ACCA. (App. at 18.) "Giving [Blair] the benefit of the doubt," the District Court did not count two of the convictions separately because those two robberies were committed on the same day. (*Id.*) It thus held that Blair had "no fewer" than five predicate violent felonies under ACCA, *i.e.*, two 1987 convictions and three 1991 convictions, and so applied the ACCA mandatory minimum. (App. at 18-19.) After the District Court sentenced Blair to 180 months in prison and three years of supervised release, this timely appeal followed.

## II. Discussion[3]

Blair continues to maintain that his 1987 Pennsylvania convictions for burglary and robbery do not qualify as ACCA predicates because they are not categorically violent felonies. He also again argues that his 1991 robbery convictions cannot be considered to have been "committed on occasions different from one another," 18 U.S.C. § 924(e)(1), because he pled

---

[3] The District Court had subject matter jurisdiction over this case pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 and, to the extent Blair says his sentence was imposed in violation of law, under 18 U.S.C. § 3742. "This appeal presents purely legal questions, over which we exercise plenary review." *United States v. Jones*, 332 F.3d 688, 690 (3d Cir. 2003).

5

guilty to those charges on the same day. He has, in addition, advanced a new argument based on the Supreme Court's recent holding in *Descamps v. United States*, 133 S. Ct. 2276 (2013), a case which clarifies the analytical approach that sentencing courts must use to determine if a prior conviction is a predicate offense under ACCA. Blair now contends that his 1991 robbery convictions are not categorically violent felonies under ACCA. Moreover, he says that the Supreme Court's recent decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013), holding that facts that increase a mandatory minimum sentence must be submitted to a jury, bears on our analysis. While he does not expressly argue that he was entitled to a jury determination under *Alleyne* with respect to the predicate offenses for his mandatory minimum sentence, he does imply that *Alleyne* should guide our decision.

We conclude that at least three of Blair's 1991 robbery convictions qualify under ACCA as violent felonies committed on separate occasions. As a result, his 1991 robbery convictions alone qualify him for the ACCA enhancement, and we will affirm the District Court's application of that enhancement without considering Blair's 1987 robbery or burglary convictions. *See United States v. Berrios*, 676 F.3d 118, 129 (3d Cir. 2012) ("We may affirm the District Court on any ground supported by the record.").

A.      *"Violent Felony"*

On May 6, 1991, Blair pled guilty to committing first-degree felony robbery in violation of Pennsylvania law. (App. at 137-38, 154-55, 171-72, 192-93.) The statute in question provides in relevant part:

6

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another;
(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;
(iii) commits or threatens immediately to commit any felony of the first or second degree … .

18 Pa. Cons. Stat. Ann. § 3701(a)(1)(i)-(iii).

Robberies under subsections (i), (ii), and (iii) of § 3701(a)(1) are defined as felonies in the first-degree. *Id*. at § 3701(b). Blair pled to four charges of first-degree felony robbery in four separate plea agreements. Each of Blair's signed guilty pleas includes the notation "F1" (indicating first-degree) "Robbery." (*See, e.g.*, App. at 138.) For each guilty plea, there is a corresponding charging document. Each charging document includes counts that are framed in the same language as the subsections of § 3701(a)(1). At the bottom of each charging document, there is a line to indicate the "[f]elony committed or threatened," and "[a]ggravated [a]ssault" is noted on that line. [4] (App. at 137, 154, 171, 192.) The "felony committed or threatened" language is specifically akin to the language of § 3701(a)(1)(iii), which, again, makes it a first-degree felony to commit a robbery during the course

---

[4] In addition, at the bottom of each charging document the name of the victim, the type of property taken, and the value of the property taken are described.

7

of which one "commits or threatens immediately to commit any felony of the first or second degree … ." 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(iii). Aggravated assault is classified as a felony in the first or second degree, *id.* § 2702(b), and clearly involves violence. Therefore, Blair was charged with and pled guilty to four violent first-degree felony robberies.

In his opening and reply briefs, Blair essentially conceded that his May 6, 1991, convictions satisfy the "violent felony" condition of ACCA. (*Cf.* Appellant's Opening Br. at 45 ("The … robberies are not violent felonies 'committed on occasions different from one another' but at most count as one violent felony predicate."); Appellant's Reply Br. at 18 ("For the foregoing reasons and those articulated in the opening brief, the 1991 robbery convictions count at most as one violent felony … .").) But, in a supplemental brief addressing the Supreme Court's decision in *Descamps*, and again at oral argument, he has insisted that the robbery convictions are not categorically violent felonies.[5]

A prior conviction qualifies as a "violent felony" under ACCA if the conviction is for "any crime punishable by imprisonment for a term exceeding one year … that": (i) "has

---

[5] Blair also argues that the residual clause of ACCA, § 924(e)(2)(B)(ii), is unconstitutionally vague and that his sentence should accordingly be reversed. But both the Supreme Court and our Court have rejected that argument. *See Sykes v. United States*, 131 S. Ct. 2267, 2277 (2011) (upholding residual clause against vagueness challenge); *United States v. Gibbs*, 656 F.3d 180, 188-89 (3d Cir. 2011) (rejecting "fair notice" argument and holding that the residual clause is not unconstitutionally vague).

8

as an element the use, attempted use, or threatened use of physical force against the person of another;" or (ii) "is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another… ." 18 U.S.C. §§ 924(e)(2)(B)(i) & (ii).

In determining whether a defendant's prior conviction serves as an ACCA predicate, we begin our analysis with what is called the "categorical approach," first adopted in *Taylor v. United States*, 495 U.S. 575 (1990), under which a sentencing court compares "the elements of the statute forming the basis of the defendant's conviction with the elements of the 'generic' crime – *i.e.*, the offense as commonly understood." *Descamps,* 133 S. Ct. at 2281*; see also James v. United States*, 550 U.S. 192, 202 (2007) ("[W]e consider whether the *elements of the offense* are of the type that would justify its inclusion within the residual provision [of ACCA], without inquiring into the specific conduct of this particular offender."). When the statute's elements are "the same as, or narrower than" the generic offense, the prior conviction qualifies as an ACCA predicate. *Descamps,* 133 S. Ct. at 2281. But if a statute "comprises multiple, alternative versions of the crime[,]" *id.* at 2284, then a court may apply the "modified categorical approach" to determine which alternative – one that meets the generic offense definition or one that does not – formed the basis for the conviction. *Id.* at 2281. A statute that includes alternative elements is said to be "divisible," *id.* at 2283, while one that does not is "indivisible." *Id.* at 2281.

The modified categorical approach allows the sentencing court to "consult a limited class of documents,

9

such as indictments and jury instructions," to determine which alternative in a divisible statute was the basis for a conviction, and to compare that conviction to the generic offense under ACCA. *Id.; see Taylor*, 495 U.S. at 602. Under the modified categorical approach, a court is therefore permitted to "go beyond the mere fact of conviction[,]" *Taylor*, 495 U.S. at 602, to determine the elements of the crime of conviction. *Id.*; *Shepard v. United States*, 544 U.S. 13, 20-21 (2005) (holding that, to interpret a conviction pursuant to a plea agreement, a sentencing court may look to the agreement and plea colloquy in applying the modified categorical approach). The decision in *Descamps* makes it clear that if the relevant statute is indivisible (that is, it does not have alternative elements), and if it is overbroad (that is, it criminalizes a broader range of conduct than the generic offense), then the sentencing court cannot apply the modified categorical approach.[6] 133 S. Ct. at 2281.

In *Descamps*, the Supreme Court rejected the Ninth Circuit's application of the modified categorical approach to a California burglary statute. That statute provides that a "person who enters" property "with intent to commit grand or petit larceny or any felony is guilty of burglary." Cal. Penal Code § 459 (quoted in *Descamps*, 133 S. Ct. at 2282). Significantly, it "does not require the entry to have been unlawful in the way most burglary laws do." *Descamps*, 133 S. Ct. at 2282. So, for example, a shoplifter who walks into a

---

[6] In this context, the term "overbroad" has nothing to do with the constitutional concept of "overbreadth." Rather, it is the term the Supreme Court used to describe the scope of a criminal statute in comparison to the generic version of an offense.

store like any other business invitee comes within the statutory definition of burglary. *Id.* "In sweeping so widely, the state law goes beyond the normal, 'generic' definition of burglary[,]" *id.*, and is therefore overbroad. The statute is also indivisible, because it does not provide any alternative definitions of burglary. Nevertheless, the Ninth Circuit, relying on its own precedent, *see United States v. Aguila-Montes de Oca*, 655 F.3d 915, 940 (9th Cir. 2011) (en banc) (per curiam) (where a statute is "categorically broader than the generic offense," the sentencing court may look at certain documents), had ruled that it could apply the modified categorical approach. It looked at the plea colloquy and decided that the plea "rested on facts that satisfy the elements of generic burglary." *Descamps*, 133 S. Ct. at 2282-83 (quoting *United States v. Descamps*, 466 F. App'x 563, 565 (9th Cir. 2012)). The Supreme Court reversed and clarified that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." *Id.* at 2282. The Court stated that the purpose of the modified categorical approach is "to identify, from among several alternatives, the crime of conviction so that the court can compare it to the generic offense." *Id.* at 2285. If a statute is indivisible, it presents no alternatives and the inquiry ends. There is simply no reason to turn to the modified categorical approach. *Id*

Blair tries to make of *Descamps* something it is not. He notes that, although the Pennsylvania robbery statute as a whole is divisible, some of its subsections can be viewed as indivisible and overbroad. He then argues that, because the charging documents and plea agreement in his case do not say which subsection of the robbery statute he was convicted

11

under in 1991, a sentencing court could properly apply the modified categorical approach only to determine which statutory subsection criminalized the least culpable behavior of which he could have been convicted. (Appellant's Supplemental Br. at 4 (quoting *United States v. Tucker*, 703 F.3d 205, 214 (3d Cir. 2012)).) Since the "least culpable" subsection is § 3701(a)(1)(iii), which is overbroad and indivisible, he says the court could go no further. Thus, he says, it was error under *Descamps* for the District Court to use the modified categorical approach and review the charging documents to determine that the elements of his conviction satisfy ACCA.

Given the clearly laid out alternative elements of the Pennsylvania robbery statute, it is obviously divisible and, therefore, a sentencing court can properly look to the kinds of documents listed by the Supreme Court in *Taylor* and *Shepard* to determine which subsection was the basis of Blair's prior convictions. Blair acknowledges as much. (Appellant's Supplemental Br. at 3 (citing to the Commonwealth's charging documents and Blair's guilty pleas).) He could not do otherwise, as logic dictates that a court endeavoring to conclude which subsection he pled guilty to violating would have to look "to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." [7]

---

[7] As we discuss more fully herein, because "prior convictions that increase the statutory maximum for an offense are not elements of the offense," they "may be determined by the District Court by a preponderance of the

*Shepard*, 544 U.S. at 26. Each of the charging documents for the 1991 convictions indicates that Blair pled guilty to first-degree robbery.

Blair believes a new analysis begins at that point. Because the first-degree felony portion of Pennsylvania's divisible robbery statute is itself divisible into subsections (i), (ii), and (iii), he says that a sentencing court must "apply the modified categorical approach in order to determine the least culpable conduct sufficient for a conviction." (Appellant's Supplemental Br. at 4 (quoting *Tucker*, 703 F.3d at 214).) True enough, that further analytical step is necessary when documents a sentencing court has already reviewed do not definitively point out which of the statutory subsections was violated. Here they do not, and Blair thinks that that makes the documents irrelevant. He contends that the sentencing court may use the first-degree indication in the guilty plea only to get as far as identifying the three first-degree robbery subsections, and then it must choose the least culpable one with no more reference to the charging documents or guilty pleas. Because the least culpable subsection is subsection (iii), which criminalizes robbery wherein the perpetrator "commits or threatens immediately to commit any felony of the first or second degree," 18 Pa. Cons. Stat. Ann. § 3701(a)(1)(iii), and because some felonies of the first and second degree involve no violence, Blair believes he is home free. He is mistaken.

---

evidence." *United States v. Coleman*, 451 F.3d 154, 159 (3d Cir. 2006) (citing *Almendarez-Torres v. United States*, 523 U.S. 224, 243 (1998)).

13

There is no precedent for the argument that a sentencing court, having launched on the modified categorical approach, should stop when it gets to a statutory subsection and determine again whether to proceed with that approach and whether it can consider documents it has already reviewed. The problem is a practical one. Even if it is true that subsection (iii) of § 3701(a)(1) is indivisible and categorically overbroad, as Blair says is the case, the documents that the District Court had reviewed as part of the modified categorical analysis plainly state that the felonies associated with his 1991 robbery convictions were "aggravated assault." (App. at 137, 154, 171, 192.) The search for the applicable subsection in the relevant statute does not send the sentencing judge into a state of amnesia. To shift the metaphor, the blinders are already off, and there is no requirement to pretend otherwise.

Though Blair wishes it were otherwise, *Descamps* did not upend the Supreme Court's ACCA jurisprudence. It is a straightforward clarification of the uses to which the categorical approach and modified categorical approach can be put in determining whether a prior conviction qualifies as a "violent felony" under ACCA. *See Descamps*, 133 S. Ct. at 2287. Despite Blair's arguments, *Descamps* does not demand a recursive process wherein a district court that has already pursued the modified categorical approach in addressing a divisible statute is required to ignore the charging documents and guilty pleas it has just reviewed. Again, the several charging documents associated with the 1991 convictions expressly state that the "felony committed or threatened" by Blair in each instance was "aggravated assault." (App. at 137, 154, 171, 192.) Reading each charging document and guilty plea as a whole, as the District Court did, it is clear that

14

Blair "pled guilty to [each such] robbery charge on May 6, 1991, as a felony of the first degree, thereby admitting that he used force causing serious bodily injury or threatened to do so and/or threatened to commit aggravated assault in the process of committing the robbery." (App. at 16-17.) That is the sensible conclusion of the analysis long permitted by the modified categorical approach, and *Descamps* does nothing to change it.

In sum, Pennsylvania's robbery statute is divisible and the District Court correctly looked to the charging documents to determine that Blair was convicted of a violent felony under ACCA.

### B. *"Committed on Occasions Different from One Another"*

Blair next contends that the District Court incorrectly applied ACCA because there was insufficient proof that the 1991 convictions were for offenses committed on different occasions, and therefore they at most amount to one predicate offense. As already noted, ACCA's mandatory minimum sentence of 15 years becomes applicable when the defendant "has three previous convictions … for a violent felony or a serious drug offense, or both, *committed on occasions different from one another… .*" 18 U.S.C. § 924(e)(1) (emphasis added). Blair argues that, because he did not admit that the robberies occurred on different occasions when he pled guilty to the charges, the enhanced sentence was improper under Supreme Court case law and the Fifth and Sixth Amendments of the United States Constitution.

15

In *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the Supreme Court held that, under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. Nevertheless, as is evident from the language of that holding, *Apprendi* did not change the pre-existing rule from *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), that a judge, rather than a jury, may determine "the fact of a prior conviction." *Apprendi*, 530 U.S. at 490. Recently, in *Alleyne v. United States*, the Supreme Court extended *Apprendi* and held that any facts that increase a mandatory minimum sentence must be submitted to a jury and proved beyond a reasonable doubt. 133 S. Ct. 2151, 2158 (2013) (overruling *Harris v. United States*, 536 U.S. 545 (2002), which held that *Apprendi* did not apply to facts that increase a mandatory minimum sentence). But the Court expressly declined to alter the *Almendarez-Torres* rule. *Id.* at 2160 n.1. It observed that, "[b]ecause the parties do not contest that decision's vitality, we do not revisit it for purposes of our decision today." *Id. Almendarez-Torres* therefore remains "a narrow exception to [*Apprendi*'s] general rule for the fact of a prior conviction." *Id*.

Blair tries to distance himself from the continuing control of *Almendarez-Torre*s, but he cannot. Although he does not contend that *Alleyne* or *Descamps* overrules the *Almendarez-Torres* exception to *Apprendi*, he urges an impermissibly narrow construction of the exception. Blair asserts that it is possible he may have committed some of his robberies on the same occasion, "during a single criminal

16

episode or a continuous course of conduct or simultaneously through accomplices." (Appellant's Opening Br. at 51.) Determining whether his 1991 convictions were the product of a single event or a series of episodes, he says, could only have been accomplished by the District Court impermissibly looking at "non-elemental" facts associated with the convictions. (Appellant's Supplemental Br. at 6.) By "non-elemental," he means "amplifying but legally extraneous circumstances[,]" as distinct from elements of the offense, the elements being the only facts the sentencing court can be sure were found by a jury. *Descamp*s, 133 S. Ct. at 2288. Because *Descamps* condemns any reliance on non-elemental facts, even in the application of the modified categorical approach, Blair contends that the District Court erred when it concluded that the robberies were committed on "occasions different from one another" and increased his sentence. (Appellant's Supplemental Br. at 6-7.)

Blair essentially tries to merge *Alleyne*'s extension of *Apprendi* (covering mandatory minimums) and the holding of *Descamps* (limiting the application of the modified categorical approach) to narrow *Almendarez-Torres* so that a court considering an ACCA sentencing enhancement cannot take note of information pertaining to a prior conviction, such as the date or location of the crimes charged. He argues that *Descamps* and *Alleyne* "teach that strict adherence to the categorical approach and a narrow reading of the limited *Almendarez-Torres* exception to the rule of *Apprendi* is necessary to avoid Sixth Amendment concerns, and thus support … that the sentencing court erred [in this case]." (Appellant's Supplemental Br. at 6-7.) By his lights, the sentencing court "did what *Descamps* forbids" and looked at the non-elemental facts of date, location, and victim to

17

determine that the felonies were committed on different occasions. (*Id.* at 8.)

Blair's arguments fail, however, because *Almendarez-Torres* has not been narrowed and remains the law. *Alleyne*, 133 S. Ct. at 2160 n.1. *Descamps* and *Alleyne* do nothing to restrict the established exception under *Almendarez-Torres* that allows judges to consider prior convictions. When the pertinent documents show, as they do in this case, that the prior convictions are for separate crimes against separate victims at separate times, *Alleyne* does not somehow muddy the record and convert the separateness issue into a jury question. *Alleyne* was written against the backdrop of *Almendarez-Torres* and existing ACCA jurisprudence. Had the Supreme Court meant to say that all details related to prior convictions are beyond judicial notice, it would have said so plainly, as that would have been a marked departure from existing law.

Arguments like Blair's have been rejected by numerous courts. *See, e.g.*, *United States v. Weeks*, 711 F.3d 1255, 1259 (11th Cir. 2013) ("[F]or ACCA purposes, district courts may determine both the existence of prior convictions and the factual nature of those convictions, including whether they were committed on different occasions … ."); *United States v. Elliott*, 703 F.3d 378, 382 (7th Cir. 2012) ("[A] district court [may] make a finding for purposes of the ACCA as to whether a defendant committed three or more violent felonies or serious drug offenses on occasions different from one another."); *United States v. Thomas*, 572 F.3d 945, 952 n.4 (D.C. Cir. 2009) (citing cases); *United States v. Hendrix*, 509 F.3d 362, 376 (7th Cir. 2007) ("[T]he district court's determination from the PSR that [the defendant] had three

18

previous convictions to satisfy the Armed Career Criminal Act is not impermissible factfinding, and [the defendant's] sentence does not violate the Sixth Amendment."); *United States v. Michel*, 446 F.3d 1122, 1133 (10th Cir. 2006) ("[W]hether prior convictions happened on different occasions from one another is not a fact required to be determined by a jury but is instead a matter for the sentencing court."); *United States v. Thompson*, 421 F.3d 278, 285 (4th Cir. 2005) ("The data necessary to determine the 'separateness' of the occasions is inherent in the fact of the prior convictions."); *United States v. Burgin*, 388 F.3d 177, 186 (6th Cir. 2004) ("[T]he determinations by a district court that prior felony convictions exist and were committed on different occasions, are so intimately related that the 'different occasions' requirement of § 924(e) sufficiently comes within the exception in *Apprendi* for a prior conviction. Thus, … this issue need not be pled in an indictment, submitted to a jury, and proved beyond a reasonable doubt."); *United States v. Santiago*, 268 F.3d 151, 157 (2d Cir. 2001) ("[Section] 924(e)'s 'different occasions' requirement falls safely within the range of facts traditionally found by judges at sentencing and is sufficiently interwoven with the facts of the prior crimes that *Apprendi* does not require different fact-finders and different burdens of proof for Section 924(e)'s various requirements."). We agree with that wide consensus and conclude that neither *Descamps* nor *Alleyne* undermines the District Court's "fact of a prior conviction" analysis.

The 1991 convictions cover four robberies committed in October of 1990. According to the charging documents, one robbery occurred "on or about" October 20, a second robbery occurred "on or about" October 22, and two

19

robberies occurred "on or about" October 23. Although the dates charged were not elements of the offenses, the charging documents nonetheless contained factual matter that was sufficient for the District Court to conclude that Blair's 1991 convictions were for at least three robberies that occurred on separate occasions.[8] Indeed, the date of an offense is integral to the fact of a prior conviction, and is customarily reflected in the kinds of documents that courts may, under *Shepard* and *Taylor*, use to determine whether a prior conviction exists.

The offenses at issue here occurred on separate occasions because "the criminal episodes [were] distinct in time[,]" *United States v. Schoolcraft*, 879 F.2d 64, 73 (3d Cir. 1989) (citations omitted)(internal quotation marks omitted), and targeted "different geographic locations and victims," *Thompson*, 421 F.3d at 285. *See also United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998) (holding that a defendant's convictions for burgling two different doctor's offices located 200 yards apart constitute two crimes, even though the two burglaries were separated by only moments); *United States v. Brady*, 988 F.2d 664, 668-70 (6th Cir. 1993) (en banc) (holding that two armed robberies, separated in time by less than an hour, are two convictions).[9]

---

[8] There is a good argument to be made that all four of the 1991 convictions took place on separate occasions, because even the robberies that occurred on the same day were committed at locations roughly two miles from each other, and each involved a separate victim. But we need not reach that conclusion here, as we may affirm the District Court based on three prior convictions.

[9] For those reasons, Blair's invocation of *United States v. Fuller*, 453 F.3d 274 (5th Cir. 2006), does not help his

Accordingly, the District Court's conclusion that Blair's 1991 convictions qualify as at least three predicate offenses under ACCA was correct, as was the imposition of the mandatory minimum sentence required by ACCA.[10]

---

cause. The *Fuller* court held that multiple burglary convictions were not necessarily for crimes committed on separate occasions when the indictment did not indicate whether the defendant had pled guilty to entering separate apartment units in the same complex, or simply to standing as a lookout as his accomplice entered the apartments. *Id.* at 279-80. The court recognized, however, that the case "turn[ed] on whether [the burglaries] occurred sequentially, as the district court held that they did, or simultaneously," because "[t]he critical inquiry when deciding whether separate offenses occurred on 'occasions different from one another' for purposes of the ACCA is whether the offenses occurred sequentially." *Id.* If they were sequential, meaning that one crime came to an end before the next commenced, they occurred on separate occasions. *Id.* Here, the charging documents clearly indicated that, at least as to the robberies occurring on different days, each of Blair's robberies had been completed before the next commenced. They were separated in both time and distance and therefore could not be said to be a continuation of one crime.

[10] Because we do not see any ambiguity as to whether ACCA applies here, we also reject Blair's argument that the rule of lenity should apply. "The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them." *United States v. Santos*, 553 U.S. 507, 514 (2008).

## III.    Conclusion

For the foregoing reasons, we will affirm Blair's sentence.