**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4204**

---

UNITED STATES OF AMERICA,

          Plaintiff – Appellee,

    v.

HAROLD LEE SMALLS, JR.,

          Defendant - Appellant.

---

Appeal from the United States District Court for the District of South Carolina, at Charleston. Patrick Michael Duffy, Senior District Judge. (2:09-cr-01339-PMD-1)

---

Submitted: January 30, 2014      Decided: March 7, 2014

---

Before FLOYD and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Jill E.M. HaLevi, MEDIATION & LEGAL SERVICES, LLC, Charleston, South Carolina, for Appellant. William N. Nettles, United States Attorney, Nick Bianchi, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Harold Smalls, Jr., pled guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012), and possession with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 841(a) (2012), conditioned on his right to appeal the district court's denial of his suppression motion. The district court sentenced Smalls to 180 months of imprisonment and Smalls appealed. On the Government's motion, however, we remanded the case to allow the district court to hold a second suppression hearing.

On remand, the district court again denied Smalls' suppression motion and also denied Smalls' motion to dismiss the indictment. Smalls again pled guilty to the charges, reserving his right to appeal the denials of his motions. The court again sentenced Smalls to 180 months of imprisonment and he now appeals. For the reasons that follow, we affirm.

Smalls first argues that the district court erred in denying his suppression motion. "In reviewing a district court's ruling on a motion to suppress, we review the court's factual findings for clear error, and its legal conclusions de novo." United States v. Cain, 524 F.3d 477, 481 (4th Cir. 2008) (citation omitted). When the district court has denied a defendant's suppression motion, we construe the evidence in the

2

light most favorable to the government. United States v. Grossman, 400 F.3d 212, 216 (4th Cir. 2005).

"It is well established that the temporary detention of individuals during the stop of an automobile by the police . . . constitutes a seizure, no matter how brief the detention or how limited its purpose." United States v. Branch, 537 F.3d 328, 335 (4th Cir. 2008) (internal quotation marks and citations omitted). However, "[o]bserving a traffic violation provides sufficient justification for a police officer to detain the offending vehicle for as long as it takes to perform the traditional incidents of a routine traffic stop." Id. (citations omitted). We have reviewed the record and conclude that the district court did not err in finding the stop of Smalls' vehicle was justified based on the violations of state law witnessed by the officers.

Smalls next argues that the court erred in denying his motion to dismiss the indictment based on the Government's failure to notify Smalls that a grand jury had been convened. We review a district court's denial of a motion to dismiss an indictment de novo where the motion presents only a question of law. United States v. Hatcher, 560 F.3d 222, 224 (4th Cir. 2009). Our review of the record and the relevant legal authorities leads us to conclude that the court did not err in denying Smalls' motion.

Smalls next challenges the district court's finding that he qualified for enhanced penalties under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012). Smalls argues that the court erred in enhancing the statutory mandatory minimum based on his prior convictions because they were not alleged in the indictment, and argues that his prior burglary convictions did not categorically qualify as violent felonies. In Alleyne v. United States v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), the Supreme Court determined that facts that increase a statutory minimum, like those that increase a statutory maximum, must be alleged in the indictment and either admitted by the defendant or found by a jury beyond a reasonable doubt. Id. at 2159-64. The Court was careful to note, however, that the narrow exception to the general rule for the fact of a prior exception, as recognized in Alemendarez-Torres, 523 U.S. 224 (1998), was "not revisit[ed]" in Alleyne. 133 S. Ct. at 2160 n.1. See United States v. Blair, 734 F.3d 218, 227 (3d Cir. 2013).

With respect to Smalls' other argument regarding application of the ACCA, while Smalls challenged the ACCA designation before the district court, he challenged only the district court's separate consideration of his ten robbery convictions, insisting that they should be counted as only one conviction under the ACCA. He did not, however, raise the issue

4

he raises on appeal, that his burglary convictions did not categorically qualify as violent felonies. Therefore, we review this issue for plain error. See Fed. R. Crim. P. 52(b); see also United States v. Lynn, 592 F.3d 572, 577-78 (4th Cir. 2010). To establish plain error, Smalls must show that an error occurred, the error was plain, and the error affected his substantial rights. Id. at 577.

Under the ACCA, if a defendant is convicted of violating § 922(g) and has sustained three prior convictions for violent felonies or serious drug offenses committed on occasions different from one another, the defendant is subject to a statutory mandatory minimum of fifteen years of imprisonment. 18 U.S.C. § 924(e)(1). A violent felony is defined as a "crime, punishable by a term exceeding one year of imprisonment, . . . that . . . has as an element the use, attempted use, or threatened use of force against the person of another; or is burglary . . . or otherwise involves conduct that presents a serious potential risk of injury to another." 18 U.S.C. § 924(e)(2)(B)(i)-(ii). A serious drug offense is any offense under state law that involves the distribution or possession with intent to distribute a controlled substance for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A). We have thoroughly reviewed the record and the relevant legal authorities and conclude that

5

the district court did not err in determining that Smalls had sustained at least three prior felonies that qualified as predicates under the ACCA.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED