**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 13-4545**

---

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JAMAL WALIEK RUDOLPH,

                    Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:12-cr-00147-NCT-1)

---

Submitted:  March 13, 2014          Decided:  March 26, 2014

---

Before AGEE, WYNN, and THACKER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Ripley Rand, United States Attorney, Michael A. DeFranco, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamal Waliek Rudolph pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Rudolph to 180 months of imprisonment and he now appeals. Finding no error, we affirm.

On appeal, Rudolph challenges the district court's finding that he qualified for enhanced penalties under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012). Rudolph argues that the court erred in enhancing the statutory maximum and mandatory minimum based on his prior convictions because they were not pleaded in the indictment, violating his rights under the Fifth and Sixth Amendments. We conclude that the district court did not err in determining that Rudolph was an armed career criminal. In addition, Rudolph had actual notice of the possibility of the application of increased penalties under the ACCA prior to pleading guilty.

In Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013), the Supreme Court determined that facts that increase a statutory minimum, like those that increase a statutory maximum, must be pleaded in the indictment and either admitted by the defendant or found by a jury beyond a reasonable doubt. Id. at 2159-64. The Court was careful to note, however, that the narrow exception to the general rule for the fact of a prior conviction, as recognized in Almendarez-Torres, 523 U.S.

2

224 (1998), was "not revisit[ed]" in <u>Alleyne</u>.  133 S. Ct. at 2160 n.1.  Therefore, <u>Alleyne</u> did not disturb that exception and does not require that prior convictions must be pleaded in the indictment.  <u>See</u> <u>United States v. McDowell</u>, __ F.3d __, slip op. at *16-19 (4th Cir. Mar. 10, 2014) (No. 13-4370); <u>United States v. Blair</u>, 734 F.3d 218, 227 (3d Cir. 2013); <u>see also</u> <u>United States v. Thompson</u>, 421 F.3d 278, 283-87 (4th Cir. 2005) (a district court may, consistent with the Sixth Amendment, find the fact of a prior conviction for purposes of the ACCA, including whether conviction qualified as a violent felony and when the conduct underlying the conviction took place).

Rudolph also argues that the district court improperly placed on him the burden of demonstrating that one of his prior convictions was obtained in violation of his right to counsel.  However, Rudolph's argument is foreclosed by binding Circuit precedent.  <u>See</u> <u>United States v. Collins</u>, 415 F.3d 304, 316 (4th Cir. 2005).  As one panel of this court may not overrule another panel, <u>see</u> <u>Scotts Co. v. United Indus. Corp.</u>, 315 F.3d 264, 271 n.2 (4th Cir. 2002), Rudolph's argument must fail.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before this court and argument would not aid the decisional process.

AFFIRMED