**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4867**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

DAVID RICH, a/k/a Oakie,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   William  D.  Quarles,  Jr.,  District Judge.  (1:08-cr-00438-WDQ-1)

Submitted:  June 30, 2014              Decided:  July 2, 2014

Before MOTZ, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Daniel  H.  Ginsburg,  THE  LAW  OFFICE  OF  DANIEL  GINSBURG,  LLC, Rockville, Maryland, for Appellant.  Rod J. Rosenstein, United States  Attorney,  Michael  C.  Hanlon,  Assistant  United  States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Rich appeals the 360-month sentence imposed at his resentencing hearing on drug, firearms, and related offenses. On appeal, Rich asserts that his sentence is unreasonable and is in contravention of the recent Supreme Court decision in Alleyne v. United States, 133 S. Ct. 2151 (2013). For the following reasons, we affirm.

We review a sentence for reasonableness, applying "the familiar abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 46 (2007). We first review for "significant procedural error," which includes, as relevant here, "failing to adequately explain the chosen sentence." Id. at 51. To adequately explain the sentence, "the district court must make an individualized assessment" by "apply[ing] the relevant [18 U.S.C.] § 3553(a) [(2012)] factors to the specific circumstances of the case before it." United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (internal quotation marks omitted). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007); see Carter, 564 F.3d at 330. The district court, however, need not explicitly reference § 3553(a) or discuss every factor on the record, particularly when the sentence is

2

within the advisory Guidelines range. <u>United States v. Johnson</u>, 445 F.3d 339, 345 (4th Cir. 2006).

After reviewing the sentencing transcript, we conclude that the district court adequately explained its reasons for imposing the chosen sentence. In response to counsel's argument for a sentence below the Guidelines range, the district court took note of the need for deterrence and Rich's extensive and violent criminal history, but found that those factors outweighed his post-sentencing rehabilitation and the asserted reduced risk of recidivism at the time of his release. The court's implicit assignment of greater weight to the nature and circumstances of Rich's offense and the need for the sentence to promote the other § 3553(a) factors articulated by the court did not amount to an abuse of discretion. <u>United States v. Rivera-Santana</u>, 668 F.3d 95, 105 (4th Cir. 2012) (stating that it was within district court's discretion to accord more weight to host of aggravating factors in defendant's case and decide that sentence imposed would serve § 3553 factors on whole).

Rich also argues that the district court failed to address his argument that a variant sentence was necessary due to the disparity of his sentence compared to that of his co-conspirator. We have recognized that 18 U.S.C. § 3553(a)(6) is aimed primarily at eliminating national sentencing inequity, not differences between co-defendants. <u>United States v. Withers</u>,

3

100 F.3d 1142, 1149 (4th Cir. 1996); see also United States v. Simmons, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases). Further, a district court has "extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011). Here, the district court — although not directly addressing Rich's argument that he should receive a lesser sentence than his co-conspirator based on his role in the offense — indicated that the quantity of drugs for which Rich was responsible, the violence in Rich's offenses, and Rich's extensive criminal history supported the chosen sentence.

Rich repeats his claims in support of his argument that his sentence is substantively unreasonable. Substantive reasonableness is determined by considering the totality of the circumstances, and, if the sentence is within the properly-calculated Guidelines range, we apply a presumption of reasonableness. United States v. Strieper, 666 F.3d 288, 295 (4th Cir. 2012). Our review convinces us that Rich's arguments on appeal do not rebut that presumption.

Finally, we reject Rich's argument that his statutory sentence for Count One is improper because it was based on a prior conviction to which he did not admit and that was not proven to the jury beyond a reasonable doubt. This issue is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224,

4

228-35 (1998).  Although Rich suggests that the case is losing its sustainability, <u>Alleyne</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>United States v. McDowell</u>, 745 F.3d 115, 124 (4th Cir. 2014) ("<u>Almendarez-Torres</u> remains good law . . . ."), <u>petition for cert. filed</u>, __ U.S.L.W. __ (June 16, 2014) (No. 13-10640); <u>see</u> <u>United States v. Blair</u>, 734 F.3d 218, 227 (3d Cir. 2013).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>