J-S74027-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| FRANK ROSELLI, | : | |
| | : | |
| Appellant | : | No. 891 EDA 2014 |

Appeal from the Judgment of Sentence Entered July 10, 2012,
in the Court of Common Pleas of Montgomery County,
Criminal Division at No. CP-46-CR-0000820-2011

BEFORE:  BENDER, P.J.E., DONOHUE and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED JANUARY 13, 2015**

I join the Majority Memorandum except for its handling of Roselli's fifth issue, the **Alleyne** issue.  While I agree with the Majority that **Alleyne** does not abrogate the **Almendarez-Torres** exception for prior convictions, the issue is somewhat more nuanced than the Majority posits.  We are not dealing here merely with the fact of convictions.  We are dealing with an issue of what the convictions involve, *i.e.*, were the burglary convictions crimes of violence because the buildings were occupied.  Certainly an argument can be made that this issue involves a factual question that requires a jury to decide it beyond a reasonable doubt.

Unfortunately for Roselli, that argument has been repeatedly rejected by the courts.  **See U.S. v. Blair**, 734 F.3d 218, 227-28 (3rd Cir. 2013):

> Blair's arguments fail, however, because **Almendarez–Torres** has not been narrowed and remains the law.  **Alleyne**,

_____

* Retired Senior Judge assigned to the Superior Court.

133 S.Ct. at 2160 n. 1. ***Descamps*** and ***Alleyne*** do nothing to restrict the established exception under ***Almendarez–Torres*** that allows judges to consider prior convictions. When the pertinent documents show, as they do in this case, that the prior convictions are for separate crimes against separate victims at separate times, ***Alleyne*** does not somehow muddy the record and convert the separateness issue into a jury question. ***Alleyne*** was written against the backdrop of ***Almendarez–Torres*** and existing ACCA jurisprudence. Had the Supreme Court meant to say that all details related to prior convictions are beyond judicial notice, it would have said so plainly,as that would have been a marked departure from existing law.

Arguments like Blair's have been rejected by numerous courts.

Thus, I agree with the Majority that ***Alleyne*** provides no succor for Roselli.