**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3512
_____

UNITED STATES OF AMERICA,
Appellant

v.

ALEEM SHABAZZ
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. No. 1-15-cr-00020-001)
District Judge: Hon. Leonard P. Stark
_____

Submitted under Third Circuit L.A.R. 34.1(a)
October 3, 2019
_____

Before: SHWARTZ, SCIRICA, and FUENTES, <u>Circuit Judges</u>.
(Filed: November 5, 2019)

_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

The Government appeals Aleem Shabazz's 47-month sentence for the illegal possession of firearms and aiding and abetting false statements to a firearms dealer, asserting that the District Court erred by holding that Shabazz's prior burglary convictions did not trigger the fifteen-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). For the reasons set forth herein, we will vacate and remand.

I

Shabazz was prohibited from possessing firearms due to his prior felony convictions. Despite this prohibition, Shabazz bought ammunition and caused his girlfriend to purchase firearms for him. Shabazz was convicted for unlawfully possessing a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and aiding and abetting false statements to a firearms dealer, in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2).

At sentencing, the Government argued for application of the ACCA enhancement, 18 U.S.C. § 924(e)(1), based on Shabazz's three prior Delaware convictions for second degree burglary.[1] Shabazz objected, asserting that two of his three prior offenses did not happen on "occasions different from one another" for ACCA purposes, id., and arguing that the Delaware burglary statute, Del. Code Ann. tit. 11, § 825(a)(1), penalized a broader swath of conduct than the generic federal definition of burglary, and thus did not

---

[1] In 2010, Shabazz pled guilty to three counts of second-degree burglary in violation of Del. Code Ann. tit. 11, § 825(a)(1).

categorically match generic burglary and so could not serve as a predicate "crime of violence" triggering the ACCA enhancement.

The District Court held that Shabazz committed his prior burglaries on separate occasions,[2] United States v. Shabazz, No. 1:15-cr-00020-LPS, 2017 WL 4684180, at *6 (D. Del. Oct. 18, 2017), but that Delaware second degree burglary under § 825(a)(1) was broader than generic burglary because, in addition to ordinary dwellings, the state law also captured burglary of "vehicles that are functionally the same as fixed dwellings," id. at *9-10. Reasoning that "a statute having a locational element that includes vehicles does not qualify as an ACCA predicate offense," the Court declined to apply the ACCA enhancement, id. at *10, and sentenced Shabazz to 47 months' imprisonment and three years' supervised release.

The Government appealed. We stayed the appeal pending resolution of United States v. Stitt, 139 S. Ct. 399 (2018). The Supreme Court decided Stitt in December 2018, holding that the locational element of generic burglary included "vehicles designed or adapted for overnight use." Id. at 407. During the stay and pendency of this appeal,

---

[2] In so holding, the District Court appropriately relied on Shepard documents, see Shepard v. Unites States, 544 U.S. 13 (2005); United States v. Blair, 734 F.3d 218, 227-28 (3d Cir. 2013), to establish that Shabazz and two co-defendants were charged with, and Shabazz pled guilty to, burgling two different locations on January 4, 2010, and a third on January 25, 2010, Shabazz, 2017 WL 4684180, at *5. The January 4 burglaries occurred 1.7 miles apart, and the modus operandi of the offenses involved one person serving as lookout while another carried out the burglary. Id. Because each burglary involved different locations and victims, the Court concluded that the Government carried its burden of establishing by a preponderance of the evidence that the prior burglaries occurred on separate occasions for ACCA purposes. Id. at *6. The record supports the Court's findings and we will not disturb its conclusion that Shabazz committed his three prior burglary offenses on separate occasions.

Shabazz completed his term of incarceration, having served 41 months. He is now on supervised release and participating in the District of Delaware's reentry court program.

## II[3]

Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for "a violent felony," which includes burglary, id. § 924(e)(2)(B)(ii), must receive a fifteen-year mandatory minimum sentence, id. § 924(e)(1). To qualify as an ACCA predicate "violent felony" offense, a state crime's elements must be "the same as, or narrower than, those of the generic offense." Mathis v. United States, 136 S. Ct. 2243, 2247 (2016); Descamps v. United States, 570 U.S. 254, 257 (2013). Prior to Stitt, the Supreme Court defined generic burglary to include "an unlawful or unprivileged entry into, or remaining in[4], a building or other structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990).[5] Stitt clarified that the generic definition also captures unlawful entry with intent to commit a crime in "a structure or vehicle that has been adapted or is customarily used for overnight accommodation." 139 S. Ct. at 404-05. The question in this case is whether subsection (a)(1) of Delaware's second degree burglary statute penalizes the same or a narrower class of conduct.

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Our review of the applicability of the ACCA enhancement, a question of law, is plenary. United States v. Gibbs, 656 F.3d 180, 184 (3d Cir. 2011).

[4] The Supreme Court discussed the "remaining in" form of burglary in Quarles v. United States, 139 S. Ct. 1872 (2019).

[5] Taylor also provided examples of hypothetical state burglary statutes that would fall outside of this definition, including one that reached "places, such as automobiles and vending machines, other than buildings." 495 U.S. at 599.

Delaware's second degree burglary statute provides that "[a] person is guilty of burglary in the second degree when the person knowingly enters or remains unlawfully [i]n a dwelling with intent to commit a crime therein." Del. Code Ann. tit. 11, § 825(a)(1). The Delaware Code defines a "dwelling" as "a building which is usually occupied by a person lodging therein at night," id. § 829(b), and in turn defines a "building" to include "any structure, vehicle or watercraft," id. § 222(1).

Without Stitt's guidance, the District Court held that the Delaware statute captured more conduct than generic burglary, as it explicitly reached any "vehicle or watercraft," id., "usually occupied by a person lodging therein at night," id. § 829(b). Stitt's clarification that "buildings" include "vehicles designed or adapted for overnight use," 139 S. Ct. at 407, extends generic burglary to capture "vehicles that are functionally the same as fixed dwellings," Shabazz, 2017 WL 4684180, at *10, casting doubt on the District Court's reasoning. We will therefore vacate and remand to allow the Court to apply Stitt and to consider any other matters relevant to sentencing, including Shabazz's current status.

## III

For the foregoing reasons, we will vacate and remand for resentencing.

5