**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2525
_____

UNITED STATES OF AMERICA

v.

ANTHONY CANN,
                              Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-16-cr-00309-001)
U.S. District Judge:  Honorable Michael M. Baylson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 11, 2023
_____

Before: SHWARTZ, RESTREPO, and CHUNG, <u>Circuit Judges</u>.

(Filed: August 16, 2023)
_____

OPINION[*]
_____

SHWARTZ, <u>Circuit Judge</u>.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Anthony Cann appeals his sentence, arguing that his prior state robbery and drug convictions do not qualify as predicate offenses that trigger a mandatory minimum fifteen-year sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Cann is incorrect about his robbery conviction, and so we will affirm the District Court in part. We will, however, vacate the rulings concerning Cann's drug convictions so that the District Court can evaluate those convictions after the United States Supreme Court resolves United States v. Brown, No. 22-6389 (petition for cert. granted May 25, 2023), which will address whether a court must compare the state law to the federal law as it existed at the time of the state offense, at the time of the federal offense, or at the time of the federal sentencing when determining whether a drug conviction qualifies as an ACCA predicate.

I

In 2016, police officers stopped a vehicle in which Cann was a passenger. During that stop, the officers searched Cann and found a loaded stolen firearm. A jury found Cann guilty of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

At the time of his federal firearms offense, Cann had several prior state convictions, including (1) a September 1999 Pennsylvania state conviction for first-degree robbery in violation of 18 Pa. Cons. Stat. § 3701(a)(1)(ii), and (2) two Pennsylvania state convictions for manufacturing, delivering, and/or possessing with

2

intent to manufacture or deliver a controlled substance in October 1999 and May 2012.[1]

Based on these prior convictions, the Presentence Investigation Report ("PSR") calculated Cann's base offense level as twenty-four under United States Sentencing Guideline ("U.S.S.G.") § 2K2.1(a)(2), which was increased to twenty-six because the firearm was stolen, U.S.S.G. § 2K2.1(b)(4)(A), and further increased to thirty-three because Cann was deemed an armed career criminal under U.S.S.G. § 4B1.4(b). Based on this offense level and his criminal history category of VI, Cann faced a Guideline range of 235 to 293 months' imprisonment. Under the ACCA, Cann's three prior convictions resulted in a statutory mandatory minimum term of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1).

Cann argued that his prior convictions were not predicate offenses under the ACCA, and therefore the mandatory minimum did not apply. The District Court rejected this argument, concluding that (1) Cann's robbery conviction constituted a violent felony because, although "there may be some kinds of robberies" that are committed recklessly, the facts underlying his robbery conviction were "pure violence,"[2] App. 198-99; and (2) the drug convictions were ACCA predicates because at the time Cann committed and was sentenced on those state crimes, the Pennsylvania and federal drug schedules were a categorical match. The Court then imposed the mandatory minimum sentence of 180

---

[1] These offenses occurred in January 1998 and March 2010.
[2] The District Court erred in considering the facts of the underlying robbery in deciding whether it was a qualifying ACCA predicate offense. See United States v. Ramos, 892 F.3d 599, 606 (3d Cir. 2018) (explaining that the categorical approach "requires courts [] to ignore the actual manner in which the defendant committed the prior offense").

months' imprisonment and five years' supervised release.

Cann appeals.

## II[3]

### A

The ACCA imposes a mandatory minimum sentence of fifteen years where a person violates 18 U.S.C. § 922(g) and has three prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). We first review the ACCA's violent felony provision. Under the ACCA,

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> > (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.][4]

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We review the District Court's factual findings for clear error and its legal conclusions de novo, United States v. Lowe, 791 F.3d 424, 427 (3d Cir. 2015), including the Court's determination that a conviction qualifies as a violent felony or serious drug offense under the ACCA, United States v. Harris, 68 F.4th 140, 142 (3d Cir. 2023).

[4] In Johnson v. United States, 576 U.S. 591 (2015), the Supreme Court invalidated the residual clause in § 924(e)(2)(B)(ii) that states "or otherwise involves conduct that presents a serious potential risk of physical injury to another" as unconstitutionally vague. Id. at 596.

18 U.S.C. § 924(e)(2). Section 924(e)(2)(B)(i) is known as the "elements clause," and § 924(e)(2)(B)(ii) is known as the "enumerated offenses clause." United States v. Harris, 68 F.4th 140, 142 (3d Cir. 2023). Because robbery is not listed in the ACCA's enumerated offense provision, we focus on whether Cann's robbery conviction under 18 Pa. Cons. Stat. § 3701(a)(1)(ii) is a "violent felony" under the ACCA's elements clause.

In determining whether an offense qualifies as a "violent felony," we are required to apply the "categorical approach," under which we identify the elements of the offense and determine whether "the use, attempted use, or threatened use of physical force against another person is categorically an element of the offense of conviction." Harris, 68 F.4th at 144 (citation omitted). If the statute of conviction lacks such an element, it "sweeps more broadly" than the ACCA's definition and does not qualify as a violent felony, even if the defendant actually committed the offense by using, attempting to use, or threatening to use physical force against another person. Id. at 145 (quoting Descamps v. United States, 570 U.S. 254, 261 (2013)).

If a statute "list[s] elements in the alternative, and thereby define[s] multiple crimes," Mathis v. United States, 579 U.S. 500, 505 (2016), then it is divisible, and we must identify which of the alternate elements formed the basis for the conviction. Under this "modified categorical approach," we identify the specific statutory basis for the conviction by looking at a "specific set of extra-statutory documents," such as the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge." United States v. Ramos, 892 F.3d 599, 606 (3d Cir. 2018) (citations omitted).

The Pennsylvania robbery statute is divisible.  Under Pennsylvania law, a person commits robbery if, "in the course of committing a theft,"[5] he:

(i) inflicts serious bodily injury upon another;

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury;

(v) physically takes or removes property from the person of another by force however slight; or

(vi) takes or removes the money of a financial institution . . . .

18 Pa. Cons. Stat. § 3701(a)(1).  The subsections of § 3701(a)(1) are not separate means of satisfying a specific element, but rather "clearly la[y] out alternative elements" for separate robbery offenses.  United States v. Peppers, 899 F.3d 211, 232 (3d Cir. 2018) (citation omitted) (holding § 3701 divisible); see also United States v. Blair, 734 F.3d 218, 225 (3d Cir. 2013) (same); United States v. Henderson, No. 22-2613, slip op. at 8 2023 WL ___ (3d Cir. Aug. 15, 2023) (same).  This alone renders the statute divisible. This conclusion, however, is further supported by the fact that the various subsections

---

[5] An act "shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission."  18 Pa. Cons. Stat. § 3701(a)(2).

trigger different penalties.[6] <u>Mathis</u>, 579 U.S. at 518 ("If statutory alternatives carry different punishments . . . they must be elements.").

Because the statute is divisible, we must identify the provision that formed the basis of Henderson's conviction. Applying the "modified categorical approach," we agree with the parties and the District Court that Cann was convicted under § 3701(a)(1)(ii).

We next consider whether subsection (ii) constitutes a violent felony under the ACCA. To qualify as a violent felony under the ACCA's elements clause, the crime must have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). In <u>United States v. Henderson</u>, we held that subsection (ii) of the Pennsylvania robbery statute is a crime of violence under U.S.S.G. § 4B1.2(a). <u>Henderson</u>, slip op. at 10-16. The ACCA's elements clause and § 4B1.2(a)(1)'s elements clause are substantially similar and so "courts generally apply authority interpreting one provision to the other." <u>United States v. Brasby</u>, 61 F.4th 127, 133 (3d Cir. 2023) (citation omitted). Therefore, for the reasons set forth in <u>Henderson</u>, Cann's robbery conviction constitutes an ACCA violent felony.

---

[6] Robbery under subsections (i)-(iii) are first-degree felonies, robbery under subsections (iv) and (vi) are second-degree felonies, and robbery under subsection (v) is a third-degree felony. 18 Pa. Cons. Stat. § 3701(b)(1). First-degree felonies are subject to a maximum term of twenty years' imprisonment. 18 Pa. Cons. Stat. § 1103(1). Second-degree felonies are subject to a maximum term of ten years' imprisonment. 18 Pa. Cons. Stat. § 1103(2). Third-degree felonies are subject to a maximum term of seven years' imprisonment. 18 Pa. Cons. Stat. § 1103(3).

Whether Cann has three qualifying convictions to trigger the statutory mandatory minimum depends on whether his prior drug convictions constitute "serious drug felonies" under the ACCA. The Supreme Court recently granted the petition for a writ of certiorari in United States v. Brown, No. 22-6389, to decide whether, under the categorical approach, courts must compare the state drug offense to the federal drug schedule as it existed at the time of the state offense, at the time of the federal offense, or at the time of the federal sentencing. Because the outcome in Brown may affect whether Cann's drug crimes qualify as serious drug felonies, we will vacate the District Court's ruling concerning those convictions so that it may revisit its ruling after the Supreme Court decides Brown. We remand without expressing a view concerning whether the District Court should impose the same or a different sentence.

### III

For the foregoing reasons, we will affirm in part, vacate in part, and remand for resentencing.