**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| CRISANTO CARINO RAGASA, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 12-72262 Agency No. A037-485-221 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
February 20, 2014—University Of Hawaii, Manoa

Filed April 28, 2014

Before: Michael Daly Hawkins, M. Margaret McKeown,
and Carlos T. Bea, Circuit Judges.

Opinion by Judge McKeown

## SUMMARY[*]

### Immigration

The panel granted Crisanto Ragasa's petition for review of the Board of Immigration Appeals' decision finding him removable based on his Hawaii state court drug conviction.

The panel held that Ragasa's conviction for attempted promoting a dangerous drug was based on a crime the elements of which encompassed actions beyond those required pursuant to the federal Controlled Substances Act, and thus under the categorical approach the state conviction was not a ground for removability.

The panel denied Ragasa's citizenship claim, holding that under the law in effect at the time of the relevant events Ragasa did not acquire citizenship from his adoptive parents. The panel held that former Immigration and Nationality Act § 320(a) does not apply to adopted children, and that he did not acquire citizenship under former INA § 320(b) because he was not residing in the U.S. nor was he in the custody of his adoptive parents at the time they naturalized. The panel also held that because Ragasa's adoptive parents did not become his legal parents until fourteen years after his birth he could not obtain citizenship through them under former INA § 301(a)(7).

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

M. Cora Avinante (argued), Law Office of M. Cora Avinante, Honolulu, Hawai'i, for Petitioner.

Theodore William Atkinson (argued), Trial Attorney; Stuart F. Delery, Acting Assistant Attorney General; Ernesto H. Molina, Assistant Director; S. Nicole Nardone, Trial Attorney, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

**OPINION**

McKEOWN, Circuit Judge:

Crisanto Ragasa was born in the Philippines in 1966 to two married Filipino citizens (his "biological parents"). At the age of fourteen, he immigrated to the United States and was adopted by his uncle and aunt (his "adoptive parents"), both naturalized U.S. citizens. Years later in 2008, Ragasa was convicted in Hawai'i state court for "Attempted Promoting a Dangerous Drug in the First Degree," in violation of Haw. Rev. Stat. §§ 705-500(1)(b), 712-1241(1)(b)(ii). The government initiated immigration proceedings against Ragasa, a lawful permanent resident, charging him as a removable alien because of his drug-related conviction. The immigration judge ("IJ") ordered Ragasa removed, and the Board of Immigration Appeals ("BIA") dismissed his appeal from the IJ's removal order and denial of his application for cancellation of removal. Ragasa timely petitions for review of the BIA's decision. We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition.

## I.  Citizenship Claim

Contrary to his view, Ragasa did not automatically acquire U.S. citizenship from his adoptive parents under former Section 320 and 301(a)(7) of the Immigration and Nationality Act ("INA").  In analyzing this issue de novo, we look to "the law in effect at the time the critical events giving rise to eligibility occurred," which in this case are the dates of Ragasa's birth (1966), his entry into the United States (1980), and his adoption (1980).  *Minasyan v. Gonzales*, 401 F.3d 1069, 1074–75 (9th Cir. 2005).

To begin, as an adopted child, Ragasa does not acquire citizenship under former Section 320(b) because he was neither "residing in the United States" nor "in the custody of his adoptive parents" at the time they naturalized.  An Act to Amend the INA, Pub. L. No. 95-417, 92 Stat. 917 (1978) (codified at 8 U.S.C. § 1431 (Supp. 1978)).[1]  Nor does Ragasa

---

[1] At the time of Ragasa's adoption and arrival to the United States, former Section 320 of the INA provided:

> (a) A child born outside of the United States, one of whose parents at the time of the child's birth was an alien and the other of whose parents then was and never thereafter ceased to be a citizen of the United States, shall, if such alien parent is naturalized, become a citizen of the United States when—
>
> (1) such naturalization takes place while such child is under the age of eighteen years; and
>
> (2) such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of naturalization or thereafter and begins to reside permanently in the United States while under the age of

qualify for citizenship under former Section 320(a) because Section 320(b), not Section 320(a), applies to adopted children. *Id.* Ragasa's contrary view rests on an interpretation of the statute that ignores the statutory text and renders Section 320(b) superfluous. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 966 (9th Cir. 2013) ("It is a well-established rule of statutory construction that courts should not interpret statutes in a way that renders a provision superfluous.").

Ragasa's citizenship claim under former Section 301(a)(7) is equally unavailing because that section requires one parent to be a U.S. citizen at the time of the child's birth outside of the United States and the other to be an alien. An Act to Amend Section 301(a)(7) of the INA, Pub. L. No. 89-770, 80 Stat. 1322 (1966) (codified at 8 U.S.C. § 1401(a)(7) (Supp. 1966)).[2] Neither of Ragasa's biological parents was

---

eighteen years.

(b) Subsection (a)(1) of this section shall apply to a child adopted while under the age of sixteen years who is residing in the United States at the time of naturalization of such adoptive parent, in the custody of his adoptive parents, pursuant to a lawful admission for permanent residence.

8 U.S.C. § 1431 (Supp. 1978). Notably, an earlier version of former Section 320, in effect during Ragasa's birth, excluded adopted children like him from obtaining citizenship under its provisions altogether. *See* 8 U.S.C. § 1431(b) (1964).

[2] At the time of Ragasa's birth in 1966, Section 301(a)(7) of the INA provided:

(a) The following shall be nationals and citizens of the United States at birth:

a U.S. citizen when he was born. Although Ragasa's *adoptive* parents were naturalized U.S. citizens at the time of his birth, they did not become his legal parents until fourteen years later. Hence, Ragasa cannot obtain citizenship through his adoptive parents under former Section 301(a)(7).

Neither of the cases cited by Ragasa—*Scales v. INS*, 232 F.3d 1159 (9th Cir. 2000) and *Solis-Espinoza v. Gonzales*, 401 F.3d 1090 (9th Cir. 2005)—supports his argument that a foreign-born child, whose biological parents were not U.S. citizens at the time of his birth, obtains citizenship under Section 301(a)(7) through a subsequent adoption by U.S. citizens. Unlike in those cases, Ragasa was not "born into a marital relationship *between a citizen* and an alien." *Martinez-Madera v. Holder*, 559 F.3d 937, 941 (9th Cir. 2009); *see Solis-Espinoza*, 401 F.3d at 1091; *Scales*, 232 F.3d at 1161–62; *see also Marquez-Marquez v. Gonzales*, 455 F.3d 548, 559 (5th Cir. 2006) (distinguishing *Scales* and

---

. . .

> (7) a person born outside the geographical limits of the United States and its outlying possessions of parents one of whom is an alien, and the other a citizen of the United States who, prior to the birth of such person, was physically present in the United States or its outlying possessions for a period or periods totaling not less than ten years, at least five of which were after attaining the age of fourteen years . . . .

8 U.S.C. § 1401(a)(7) (Supp. 1966). By 1980, the year of Ragasa's adoption, Section 301(a)(7) had been redesignated as Section 301(g), but otherwise remained the same in substance as the version of the statute in effect at the time of Ragasa's birth. An Act to Repeal Certain Sections of Title III of the INA, Pub. L. No. 95-432, 92 Stat. 1046 (1978) (codified at 8 U.S.C. § 1401(g) (Supp. 1978)).

*Solis-Espinoza* because neither of "petitioner's biological parents was married to a U.S. citizen *at the time of the petitioner's birth*"). We therefore deny Ragasa's citizenship claim.

## II. Removability

Nevertheless, we conclude on de novo review that Ragasa is not removable as charged because his state conviction does not constitute a predicate offense for purposes of removability under Section 237(a)(2)(B)(i) of the INA, 8 U.S.C. § 1227(a)(2)(B)(i). *See Mielewczyk v. Holder*, 575 F.3d 992, 994–95 (9th Cir. 2009). To establish removability under Section 237(a)(2)(B)(i), the government must prove that the drug underlying Ragasa's state conviction is covered by Section 102 of the federal Controlled Substances Act ("CSA"). *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1076 (9th Cir. 2007), *abrogated on other grounds by Kwong v. Holder*, 671 F.3d 872 (9th Cir. 2011). In determining whether the government has discharged this burden, we employ the analytical framework established in *Taylor v. United States*, 495 U.S. 575 (1990), turning first to the categorical approach. *Mielewczyk*, 575 F.3d at 994.

Under the categorical approach, we examine "only the statutory definition of the crime to determine whether the state statute of conviction renders an alien removable under the statute of removal," *id.*, without looking to the actual conduct underlying the petitioner's offense. Ragasa is not categorically removable under Section 237(a)(2)(B)(i) of the INA because his statute of conviction criminalizes at least two substances that are not similarly proscribed by the CSA: benzylfentanyl and thenylfentanyl. *Compare* Haw. Rev. Stat. §§ 329-14(b)(56) & (57) (2003); Haw. Rev. Stat. § 712-1240

(2004); Haw. Rev. Stat. § 712-1241(1)(b)(ii) (2006), *with* 21 U.S.C. § 812; 21 C.F.R. §§ 1308.11–15.[3]

The categorical approach does not end our inquiry. Because the statute of conviction "identifies a number of controlled substances by referencing various [state] drug schedules and statutes and criminalizes the possession of any one," it is a "divisible" statute, and we may resort to the modified categorical approach to determine whether Ragasa's crime of conviction is a removable offense.[4] *See Coronado v. Holder*, — F.3d — , No. 11-72121, 2014 WL 983621, at *3–5 (9th Cir. Mar. 14, 2014) (citing *Descamps v. United States*, 133 S. Ct. 2276, 2281, 2283–85 (2013)). Under the modified categorical approach, we review "a limited set of

---

[3] Although benzylfentanyl and thenylfentanyl were temporarily added on an emergency basis to Schedule I of the CSA in 1985, the listing expired after a year. Schedules of Controlled Substances, 50 Fed. Reg. 43,698, 43,701 (Oct. 29, 1985); *see also* Joint Resolution Making Continuing Appropriations, Pub. L. No. 98-473, 98 Stat. 1837 (1984) (codified at 21 U.S.C. § 811(h)(2) (Supp. 1984)). Since the temporary listing expired in 1986, these substances have not been permanently added to the CSA. *United States v. Madera*, 521 F. Supp. 2d 149, 155 & n.4 (D. Conn. 2007) ("[B]enzylfentanyl and thenylfentanyl have not been listed on the federal controlled substance schedules since 1986.").

[4] Although the BIA did not apply the modified categorical approach, remanding this matter to the agency to conduct the analysis in the first instance is not warranted for several reasons. *See Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121, 1133–34 (9th Cir. 2006) (en banc) (declining to remand to BIA and applying modified categorical approach in first instance). First, the documents of conviction in the record "cannot possibly be interpreted" to establish Ragasa's removability; second, there is no possibility that new evidence has developed since the BIA's erroneous decision; third, the BIA has already considered the issue of Ragasa's removability; and fourth, and most importantly, at argument, the government declined to request remand. *Id.*

documents in the record of conviction: the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *Medina v. Ashcroft*, 393 F.3d 1063, 1066 (9th Cir. 2005) (internal quotation marks omitted). As the government candidly acknowledged during oral argument, the documents of conviction in the record do not establish that Ragasa's state conviction involved a controlled substance listed in the CSA. Because the government has not carried its burden of proving Ragasa's removability by clear and convincing evidence, we grant the petition and vacate the order of removal. *See Tokatly v. Ashcroft*, 371 F.3d 613, 624 (9th Cir. 2004).[5]

**PETITION GRANTED.**

---

[5] On February 24, 2014, we ordered the United States to release Ragasa from custody. In light of our holding that Ragasa is not removable, we need not address Ragasa's final argument that the agency erred by denying his request for cancellation of removal.