**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 10 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RAMON ROBERTO HUERTA-FLORES,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-73389

Agency No. A092-444-014

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 9, 2014
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, District Judge.[**]

Petitioner Ramon Roberto Huerta-Flores is an alien charged with being

removable for having been convicted of a controlled substances offense. *See* 8

U.S.C. § 1227(a)(2)(B)(i). The BIA applied the categorical approach and found

him removable on the basis of his Arizona conviction for conspiracy to sell a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

narcotic drug under Arizona Revised Statutes ("A.R.S.") § 13-3408(A)(7). In light of *Ragasa v. Holder*, No. 12-72262, — F.3d —, 2014 WL 1661491 (9th Cir. Apr. 28, 2014), *amended by* 2014 WL 2498950 (9th Cir. June 4, 2014), we grant Huerta-Flores's petition for review and remand for further proceedings consistent with this disposition.

In *Ragasa* we were faced with the same mismatch between the federal and state lists of controlled substances present here: the inclusion of benzylfentanyl and thenylfentanyl in the state list but not in the federal list. *See id.* at *2 (comparing Hawaii list with federal list). *Compare* A.R.S. § 13-3401(20), *with* 21 C.F.R. §§ 1308.11–.15. The court held that the petitioner was not categorically removable under 8 U.S.C. § 1227(a)(2)(B)(i) because of this mismatch. *Ragasa*, 2014 WL 1661491, at *2. For the same reason, Huerta-Flores's petition must be granted.

Unlike *Ragasa*, it appears that documents in the record of this case may reflect the substances involved in Huerta-Flores's conviction. The BIA's decision did not discuss application of the modified categorical approach. We leave that question to its consideration in the first instance on remand. Huerta-Flores may present his arguments against application of the modified categorical approach to the BIA.

**PETITION FOR REVIEW GRANTED; REMANDED.**