**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3428
_____

UNITED STATES OF AMERICA

v.

TAMIKA SOMERVILLE,
                    Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2:12-cr-00225-001)
District Judge: Hon. Maurice B. Cohill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
June 4, 2015
_____

Before: FISHER, JORDAN, and SHWARTZ, <u>Circuit Judges</u>.

(Filed: June 12, 2015)

_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Tamika Somerville pleaded guilty to, inter alia, possessing a firearm as a convicted felon. The District Court determined that Somerville's prior state drug convictions were "serious drug offense[s]" under the Armed Career Criminal Act ("ACCA") and consequently sentenced her to a mandatory minimum term of fifteen years' imprisonment. Somerville appeals, arguing that application of the ACCA was inappropriate.[1] For the following reasons, we will affirm.

## I[2]

Under the ACCA, a defendant who violates 18 U.S.C. § 922(g) and has three prior convictions for "serious drug offense[s]" must receive a fifteen-year mandatory minimum sentence. 18 U.S.C. § 924(e)(1). The ACCA defines a "serious drug offense" as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Somerville has numerous prior convictions under 35 Pa. Stat. Ann. § 780-

---

[1] Somerville also argues that her Fifth and Sixth Amendment rights were violated when she received a statutory sentencing increase under the ACCA because the fact that she had three prior qualifying convictions was not charged in the indictment or proved to a jury. Somerville concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a challenge to the application of the ACCA. United States v. Blair, 734 F.3d 218, 221 n.3 (3d Cir. 2013).

113(a)(30), which prohibits "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, . . . or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." Subsection (f) sets forth varying penalties for violating § 780-113(a)(30). It states:

> Any person who violates clause . . . (30) of subsection (a) with respect to:
>
> (1) A controlled substance or counterfeit substance classified in Schedule I or II which is a narcotic drug . . . shall be sentenced to imprisonment not exceeding fifteen years . . . .
>
> (1.1) Phencyclidine; methamphetamine, including its salts, isomers and salts of isomers; coca leaves and any salt, compound, derivative or preparation of coca leaves . . . shall be sentenced to imprisonment not exceeding ten years . . . .
>
> (2) Any other controlled substance or counterfeit substance classified in Schedule I, II, or III . . . shall be sentenced to imprisonment not exceeding five years . . . .
>
> (3) A controlled substance or counterfeit substance classified in Schedule IV . . . shall be sentenced to imprisonment not exceeding three years . . . .
>
> (4) A controlled substance or counterfeit substance classified in Schedule V . . . shall be sentenced to imprisonment not exceeding one year . . . .

35 Pa. Stat. Ann. § 780-113(f) (internal footnotes omitted). The controlled substances schedules are set forth separately. See 35 Pa. Stat. Ann. § 780-104.

To determine whether Somerville's prior drug convictions are ACCA predicate offenses, we employ the "categorical approach" under which a court compares "the elements of the statute forming the basis of the defendant's conviction with the elements

3

of the 'generic' crime—i.e., the offense as commonly understood." Descamps v. United States, 133 S. Ct. 2276, 2281 (2013). The sentencing court may "'look only to the statutory definitions'—i.e., the elements—of a defendant's prior offenses, and not 'to the particular facts underlying those convictions.'" Id. at 2283 (quoting Taylor v. United States, 495 U.S. 575, 600 (1990)) (emphasis in original). "The prior conviction qualifies as an ACCA predicate only if the statute's elements are the same as, or narrower than, those of the generic offense." Id. at 2281.

Some statutes "list[] multiple, alternative elements" that must be proven to secure a conviction for violating the statute. Id. at 2285. Such statutes are referred to as "divisible statutes." Id. at 2281. If a statute is divisible, then the so-called "modified categorical approach" applies and the court may look beyond the statute to the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented," Shepard v. United States, 544 U.S. 13, 16 (2005), to determine "which statutory phrase was the basis for the conviction," Johnson v. United States, 559 U.S. 133, 144 (2010). In this way, "the modified [categorical] approach merely helps implement the categorical approach when a defendant was convicted of violating a divisible statute" and "retains the categorical approach's central feature: a focus on the elements, rather than the facts, of a crime." Descamps, 133 S. Ct. at 2285.

We have held that 35 Pa. Stat. Ann. § 780-113(a)(30), the statute underlying

4

Somerville's drug convictions, is divisible and therefore subject to the modified categorical approach. United States v. Abbott, 748 F.3d 154, 156 (3d Cir. 2014). Section 780-113(a)(30) can be violated by conduct involving "many different drugs, the types of which can increase the prescribed range of penalties," and as a result, "the statute includes several alternative elements and is therefore divisible." Id. at 159. Under Apprendi v. New Jersey, 530 U.S. 466 (2000), and Alleyne v. United States, 133 S. Ct. 2151 (2013), where the drug type "increases the possible range of penalties, [drug type] is an element of the crime." Id.; see also Pa. Standard Crim. Jury Instructions § 16.01 (2008) (supp. 2014) (including the name of the drug as part of the jury instructions).

Somerville argues that Abbott is distinguishable and thus the modified categorical approach should not apply because, though Abbott held that § 780-113(a)(30) is divisible, the prior conviction at issue in Abbott involved cocaine, for which defendants are sentenced under § 780-113(f)(1.1), whereas Somerville's convictions involved a sentence under § 780-113(f)(1).[3] Somerville contends that this distinction is material because subsection (f)(1.1) provides a particular maximum sentence for an enumerated list of drugs that includes cocaine, whereas subsection (f)(1) provides a separate maximum

_____

[3] At sentencing, Somerville's attorney stated that the District Court "must find that [Somerville's prior drug convictions] are 'qualified convictions'" under Abbott, and that Somerville was merely "raising this issue [to] take it to a higher court." App. 73. Because we conclude that Somerville was properly sentenced under the ACCA, we need not decide whether Somerville adequately preserved the argument she now advances that Abbott does not control. Additionally, to the extent Somerville's appeal challenges the correctness of this Court's holding in Abbott, we decline to review it, as only the Court sitting en banc may overrule a prior decision.

5

sentence for "Schedule I or II" narcotic drugs. 35 Pa. Stat. Ann. § 780-113(f)(1). As the Government concedes, Schedules I and II contain a broader range of drugs than and thus do not completely overlap with the federal controlled substances schedules. Somerville contends that this requires us to consider whether (f)(1)'s reference to "Schedule I or II" controlled substances renders it divisible.[4] We conclude that it is.

Subsection (f)(1) provides a maximum sentence of fifteen years for a controlled substance "classified in Schedule I or II which is a narcotic drug." 35 Pa. Stat. Ann. § 780-113(f)(1) (footnote omitted). That subsection, in turn, refers to 35 Pa. Stat. Ann. § 780-104, which disjunctively lists the various controlled substances that fall within each of Pennsylvania's drug schedules. In so doing, § 780-113(f)(1) "list[s] potential

_____

[4] Under our controlling precedent, such an inquiry into the divisibility of an overbroad subsection is unnecessary after the statute has been determined to be divisible. See United States v. Blair, 734 F.3d 218, 225 (3d Cir. 2013). In Blair, this Court considered whether a defendant's prior conviction for robbery was a "violent felony" under the ACCA. Id. at 222. This Court concluded that the statute was "obviously divisible" "[g]iven the clearly laid out alternative elements" and then looked to the necessary Shepard documents to "determine which subsection was the basis of Blair's prior convictions." Id. at 225. Having determined that the defendant's conviction fell under a particular subsection of the statute, the Court stated that further inquiry into the divisibility of that subsection, which referenced a "felony of the first or second degree," was not required. Id. The Court reasoned that since it had already employed the modified categorical approach and looked at the Shepard documents, there was no need to "send the sentencing judge into a state of amnesia" to determine whether the defendant committed a "felony of the first or second degree," as "the blinders [we]re already off." Id. at 225-26. Thus, there was no need to determine whether subsection (iii) was itself divisible. The Blair decision, however, was recently criticized by another panel of this Court in United States v. Brown, 765 F.3d 185 (3d Cir. 2014). We need not address the ramifications of the Brown decision here, however, because we conclude that subsection f(1) is divisible.

offense elements in the alternative," Descamps, 133 S. Ct. at 2283, and is therefore

divisible. See Coronado v. Holder, 759 F.3d 977, 984 (9th Cir. 2014) (concluding that a

California controlled substances statute that "identifies a number of California drug

schedules and statutes and organizes them into five separate groups, which are listed in

the disjunctive" is divisible and that use of the modified categorical approach was

appropriate); United States v. Ceron, 775 F.3d 222, 228 (5th Cir. 2014) ("[I]n defining

the elements of a crime for the purposes of applying the modified categorical approach,

laws and regulations cross-referenced by the charged statute can also be the subject of the

modified categorical approach." (internal quotation marks omitted)); United States v.

Trent, 767 F.3d 1046, 1055 (10th Cir. 2014) (stating that a statute which cross-references

another statute which lists elements in the disjunctive is divisible).

Somerville argues that, despite its incorporation of a disjunctive list of controlled

substances, subsection (f)(1) is not divisible because it merely lists alternative "means" of

committing the offense rather than alternative "elements" of the offense. But, because

(f)(1) identifies a number of controlled substances by referencing various Pennsylvania

drug schedules and "criminalizes the possession of any one of those substances," the

statue "effectively creates several different crimes," and not "separate means of

commission." Coronado, 759 F.3d at 985 (internal citations, quotation marks, and ellipsis

omitted). Moreover, as we explained in United States v. Tucker, 703 F.3d 205, 215 (3d

Cir. 2012), "[p]ossession (or manufacture, or delivery) of a controlled substance is an

7

element of the offense [under § 780-113(a)(30)]; to prove it, the prosecution must prove that the substance in question was one of those enumerated in Pennsylvania's controlled substance schedules." Further, as we noted in Abbott, 748 F.3d at 159 n.4, the Pennsylvania Superior Court has similarly concluded that the particular type of drug is an element of the offense under § 780-113(a)(30). Thus, § 780-113(f)(1) lists alternative elements of the offense, not merely alternative means of committing the offense, and is therefore divisible.

Because we have determined that both § 780-113(a)(30) and (f)(1) are divisible, we can properly look to the Shepard documents to determine whether Somerville's convictions involved a Schedule I or II narcotic drug that is a controlled substance under 21 U.S.C. § 802.[5] Somerville concedes that the charging documents in this case clearly reflect that her convictions involved heroin.[6] As heroin is a controlled substance under

---

[5] Subsection (f)(1) can be triggered by proof of a drug not set forth on the federal schedules. In a situation where the state controlled substance schedules contain substances not listed on the federal schedule and the type of drug is not set forth in a Shepard document, the conviction would not constitute an ACCA predicate as the record would not show that the substance is covered by federal law. Ragasa v. Holder, 752 F.3d 1173, 1176 (9th Cir. 2014). Thus, application of the modified categorical approach in such a case ensures that only convictions meeting the ACCA definition of serious drug offenses are used as a basis to enhance a sentence. Coronado, 759 F.3d at 985.

[6] In the post-Apprendi world, facts that increase a penalty for a violation of the drug laws must be charged and proven, like all other elements of the offense. Thus, where the penalty for a drug offense is increased based on the drug type and/or quantity, we are confident that post-Apprendi charging instruments, jury instructions, and plea colloquies will set forth the specific drug involved and the modified categorical approach would enable a court to determine whether a federally controlled substance was the subject of the defendant's conviction.

8

§ 802, Somerville's convictions for possession with intent to deliver and delivery of heroin are qualifying convictions under the ACCA, and the District Court properly sentenced Somerville to a fifteen-year mandatory minimum.

## II

For the foregoing reasons, we will affirm.