**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30335 |
| Plaintiff - Appellee, | D.C. No. 6:13-cr-00006-CCL-1 |
| v. | |
| VEGAS CLAY CALDER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Charles C. Lovell, Senior District Judge, Presiding

Submitted July 6, 2015[**]
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Vegas Clay Calder appeals his 100-month sentence for being a felon in possession of firearms, in violation of 18 U.S.C. § 922(g)(1), as enhanced by U.S.S.G. § 2K2.1(a)(4). We have jurisdiction under 28 U.S.C. § 1291. Reviewing

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

for plain error, *United States v. Charles*, 581 F.3d 927, 933 (9th Cir. 2009), we affirm.

Calder argues that the district court improperly concluded, without conducting a categorical analysis, that his 2005 Montana conviction for conspiracy to possess with intent to distribute methamphetamine in violation of Mont. Code Ann. §§ 45-4-102 and 45-9-103 was a controlled substance offense under the Sentencing Guidelines ("Guidelines"). We agree with Calder that the district court erred by failing to conduct a categorical analysis, but this error did not affect Calder's substantial rights because his prior Montana conviction is a controlled substance offense under the Guidelines.

In assessing whether a prior state law conviction qualifies as a controlled substance offense under the Guidelines, we employ the categorical and modified categorical approaches from *Taylor v. United States*, 495 U.S. 575 (1990), and its progeny to both the underlying drug offense and the conspiracy offense. *See United States v. Gomez-Hernandez*, 680 F.3d 1171, 1174 (9th Cir. 2012).

Montana's criminal possession with intent to distribute statute, Mont. Code Ann. § 45-9-103, is a divisible statute and therefore the modified categorical approach may be used. *Ragasa v. Holder*, 752 F.3d 1173, 1176 (9th Cir. 2014); *Coronado v. Holder*, 759 F.3d 977, 983-85 (9th Cir. 2014); *see also* Montana

2

Criminal Jury Instructions Nos. 9-104, 9-104(a) (jury instructed only as to particular drug at issue). The judicially noticeable document in the record demonstrates that Calder's 2005 Montana conviction involved methamphetamine, which is a controlled substance under both Montana and federal law. Mont. Code Ann. § 50-32-101; 21 U.S.C. § 812.

Montana's conspiracy statute, Mont. Code Ann. § 45-4-102, is an indivisible statute and therefore the categorical approach must be applied. *Descamps v. United States*, 133 S. Ct. 2276, 2285 (2013). After surveying state and federal conspiracy statutes, the Model Penal Code, and scholarly commentary, *United States v. Garcia-Santana*, 774 F.3d 528, 534 (9th Cir. 2014), we find that Montana's conspiracy statute has the same elements as the generic definition of conspiracy.

Although the district court failed to conduct a categorical analysis, it reached the correct result. Calder's 2005 Montana conviction for conspiracy to possess with intent to distribute methamphetamine in violation of Mont. Code Ann. §§ 45-4-102 and 45-9-103 is a controlled substance offense and therefore warranted the higher base offense level under U.S.S.G. § 2K2.1(a)(4).

**AFFIRMED**.

3