**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS IVAN MORENO-AVENDANO, | No. 14-70998 |
| Petitioner, | Agency No. A074-384-365 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 20, 2015
San Francisco, California

Before: THOMAS, Chief Judge and REINHARDT and McKEOWN, Circuit
Judges.

Jesus Ivan Moreno-Avendano, a citizen of Mexico and a lawful permanent

resident of the United States, petitions this court for review of a Board of Immigration

Appeals ("BIA") decision finding him removable under the Immigration and

Nationality Act for the commission of an aggravated felony. The immigration judge

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

("IJ") found that Moreno-Avendano was removable because his conviction under Nevada Revised Statute § 205.090 for forgery fell within the federal categorical definition of an "offense relating to . . . forgery." 8 U.S.C. § 1101(a)(43)(R). The BIA affirmed, stating that Moreno-Avendano did not "meaningfully dispute" in his appeal brief to the BIA that he is subject to removal but rather only made a collateral attack on his underlying Nevada conviction.

1. At the outset, the Government argues that we do not have jurisdiction to hear this petition because Moreno-Avendano failed to exhaust both his claim that the Nevada forgery conviction was not an aggravated felony and his due-process claim that he did not receive a full and fair hearing with the IJ. We may review an order of removal only if a non-citizen has exhausted administrative remedies. 8 U.S.C. § 1252(d)(1). Although a petitioner cannot meet the exhaustion requirement by simply challenging an IJ's decision as wrong, the petitioner "need not . . . raise the *precise* argument below." *Vizcarra-Ayala v. Mukasey*, 514 F.3d 870, 873 (9th Cir. 2008) (emphasis in original). In the context of exhaustion, pro se petitioners' claims are given particular latitude. *Id.*

Moreno-Avendano exhausted his argument that his Nevada conviction was not an aggravated felony, but he did not exhaust his due-process argument. In his brief to the BIA, Moreno-Avendano stated that his Nevada conviction "did not involve

drugs, weapons or violence in any way." Contrary to the BIA's finding, this language does not collaterally attack Moreno-Avendano's forgery sentence; indeed, the absence of drugs, weapons, or violence has nothing to do with forgery. Rather, this argument is what might well be expected of a lay person who was trying to contest the finding that forgery, like crimes involving drugs, weapons, or violence, is an aggravated felony. Moreover, the only ground for the IJ's decision was that forgery constituted an aggravated felony. The BIA should have been on notice that Moreno-Avendano's language, even though it did not include precise legal terminology, was challenging this sole basis for his removal. *See Vizcarra-Ayala*, 514 F.3d at 873. Moreno-Avendano, however, did not raise his due-process contention to the BIA, and we therefore lack jurisdiction to hear that argument.

2. To establish that a lawful permanent resident, such as Moreno-Avendano, is removable, the Government must prove that the Nevada forgery conviction meets the generic definition of an "offense relating to . . . forgery" under federal immigration law. *See* 8 U.S.C. § 1101(a)(43)(R). In evaluating whether the government carried this burden, we start with the categorical approach. *Ragasa v. Holder*, 752 F.3d 1173, 1175-76 (9th Cir. 2014). "Under the categorical approach, we 'examine only the statutory definition of the crime to determine whether the state statute of conviction renders an alien removable under the statue of removal, without looking to the actual

conduct underlying the petitioner's offense.'" *Id.* at 1176 (quoting *Myielewczyk v. Holder*, 575 F.3d 992, 996 (9th Cir. 2009)). There must be a "realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime." *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007). A realistic probability can be shown through case law or when "a state statute explicitly defines a crime more broadly than the generic definition." *U.S. v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007); *see also Chavez-Solis v. Lynch*, --- F.3d ----, 2015 WL 5806148, at \*5 (9th Cir. Oct. 6, 2015). Here, the Nevada statute is broader than the federal one because it includes the destruction of a document in its definition of forgery while the federal definition only includes the altering or making of a document. The Nevada statute states, "A person who falsely makes, alters, forges or counterfeits any record . . . with the intent to damage or defraud any person . . . is guilty of forgery." NRS § 205.090. The verb "forges" includes "false making, 'counterfeiting' and the alteration, *erasure* or *obliteration* of a genuine instrument *in whole* or in part . . . ." NRS § 205.085(2) (emphasis added). The word obliterate includes to erase or destroy, OBLITERATE, Black's Law Dictionary (10th ed. 2014), and the inclusion of "in whole or in part" means that the complete obliteration or the complete erasure of a document is included in Nevada's forgery definition in addition to a partial erasure or obliteration. In sum, the Nevada forgery statute on its face

punishes a person who erases or obliterates a whole document—that is, destroys the document—with the intent to defraud or damage.

This destruction of a document is not included in the federal definition. In *Vizcarra-Ayala*, 514 F.3d at 874, we defined the "essential elements of the common law crime of forgery" as "(1) a false making of some instrument in writing; (2) a fraudulent intent; [and] (3) an instrument apparently capable of effecting a fraud." We elaborated, "it is clear that an essential element of the generic offense of forgery is the false making or alteration of a document, such that the document is not what it purports to be." *Id.* at 875. Both of these definitions underscore that forgery includes the "making" or "alteration" of a document and not simply the destruction of a document, as allowed under Nevada law.

Furthermore, the federal statute's 'relating to' clause does not broaden the federal definition to include the destruction of documents.[1] As explained in *Vizcarra-Ayala*, conduct relating to forgery applies to "activities ancillary to the core offense," such as possession of counterfeit documents or knowing use of a counterfeit mark. *Id.* at 877. Because including the destruction of a document, rather than the

---

[1] The Government argues that we should remand this question as well as any analysis of the modified categorical approach to the BIA. However, "remand is not required where, as here, the issue is purely legal and involves an interpretation of . . . a statute which the BIA is not charged with administering." *Aguiluz-Arellano v. Gonzalez*, 446 F.3d 980, 984 (9th Cir. 2006).

making or alteration of a document, would eliminate an essential element of forgery, the 'relating to' clause may not be read so broadly.

3. Finally, we do not apply the modified categorical approach because the statute is not divisible. A statute is divisible only if the jury "must unanimously agree on the particular offense of which the petitioner has been convicted." *Rendon v. Holder*, 764 F.3d 1077, 1085 (9th Cir. 2014). "Any statutory phrase that—explicitly or implicitly—refers to multiple, alternative means of commission must still be regarded as indivisible if the jurors need not agree on which method of committing the offense the defendant used." *Id.* Here, nothing in Nevada case law suggests that the statute is divisible. Indeed, given that the words used in the Nevada forgery definition—alteration, obliteration, and erasure—all have overlapping meanings, it would be illogical to require that a Nevada jury unanimously conclude that a defendant erased as opposed to obliterated or altered a document to convict under the statute. In any event, we need not consider this issue further as the government conceded at oral argument that the Nevada forgery statute is not divisible. In sum, because the Nevada statute under which Moreno-Avendano was convicted encompasses more conduct than the federal definition of an offense relating to forgery, he is not removable on the ground of his conviction for violation of that statute.

**PETITION GRANTED.**