**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| LUIS MANUEL COELHO, AKA Luis Alamo Coelho,<br><br>              Petitioner,<br><br>  v.<br><br>LORETTA LYNCH, Attorney General,<br><br>              Respondent. | No. 12-72376<br><br>Agency No. A030-816-201<br><br>MEMORANDUM[*] |

On Petition for Review of an Order
of the Board of Immigration Appeals

Submitted January 8, 2016[**]
Pasadena, California

Before: WATFORD and FRIEDLAND, Circuit Judges, and MOTZ,[***] Senior
District Judge.

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

      [***]     The Honorable J. Frederick Motz, Senior District Judge for the U.S.
District Court for the District of Maryland, sitting by designation.

Luis Manuel Coelho, a native and citizen of Portugal, petitions for review of an order of the Board of Immigration Appeals (BIA) denying his motion to reopen immigration proceedings. His motion to reopen asserted ineffective assistance of counsel and eligibility for a waiver of deportation under former § 212(c) of the Immigration and Nationality Act (INA).

Coelho argues the BIA's denial of his motion to reopen was error on the grounds that his concession of deportability was not binding because it resulted from ineffective assistance of counsel, that the government's documentary evidence presented at the hearing was insufficient to establish deportability, and that he is entitled to a § 212(c) waiver of deportability under *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001).

We review for abuse of discretion the BIA's denial of a motion to reopen, and reverse only if the Board acted arbitrarily, irrationally, or contrary to law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We review the Board's factual findings for substantial evidence, *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005), and questions of law, including claims of ineffective assistance, de novo. *Mohammed*, 400 F.3d at 791-92.

In the context of a removal proceeding, ineffective assistance of counsel amounts to a violation of due process if "the proceeding was so fundamentally

unfair that the alien was prevented from reasonably presenting his case."
*Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir. 2004) (per curiam) (quoting *Lopez v. INS*, 775 F.2d 1015, 1017 (9th Cir. 1985)).  To prevail, a petitioner must first demonstrate that counsel failed to perform with sufficient competence, and second that he was prejudiced by counsel's deficient performance.  *Id*.; *see Mohammed*, 400 F.3d at 793-94.  To demonstrate prejudice, the petitioner need not show that counsel's ineffectiveness necessarily changed the outcome, but rather that counsel's performance "was so inadequate that it *may* have affected the outcome of the proceedings."  *Mohammed*, 400 F.3d at 793-94 (quoting *Oritz v. INS*, 179 F.3d 1148, 1153 (9th Cir. 1999)).

Although Coelho's allegations regarding his representation at the deportation hearing are troubling, he cannot show that any prejudice resulted from such representation.  First, even assuming counsel failed to perform with sufficient competence, and thus that Coelho's concessions were not binding, the government's documentary evidence alone proved his deportability.  Coelho was charged with deportability on the basis of his conviction for a controlled substance offense, an offense which the government also asserted qualified as an aggravated

felony. *See* 8 U.S.C. § 1227(a)(2)(B)(i);  8 U.S.C. § 1227(a)(2)(A)(iii).[1] To establish deportability on these grounds, the government must show that Coelho's state conviction for a controlled substance offense involved a substance listed in Section 102 of the federal Controlled Substances Act (CSA). *Ragasa v. Holder*, 752 F.3d 1173, 1175 (9th Cir. 2014).  The alleged drug at issue in this case, methamphetamine, undisputedly qualifies as a controlled substance under federal law. *See* 21 U.S.C. § § 802(6), 812(a)(3) sched. III; *United States v. Valdavinos-Torres*, 704 F.3d 679, 684 (9th Cir. 2012).  And the documentary evidence submitted by the government – including the felony complaint, minute order,  and abstract of judgment – is sufficient under the modified categorical approach to establish that Coelho plead guilty to possession with the purpose of sale of methamphetamine.  *See United States v. Leal-Vega*, 680 F.3d 1160, 1167-69 (9th Cir 2012).  Accordingly, the government met its burden to prove Coelho's deportability, and the BIA did not err in so concluding.

Second, the Board properly determined that Coelho was ineligible for a waiver of deportability under former § 212(c) of the INA.  At the time Coelho pled guilty in June 1996, the Anti-Terrorism and Effective Death Penalty Act (AEDPA)

---

[1]     At the time Coelho was charged in August 1996, these sections were codified at § 241(a)(2)(B)(i) and § 241(a)(2)(A)(iii) of the INA, respectively.   For convenience, this memorandum refers to each provision by its current citation.

had eliminated § 212(c) relief for legal permanent residents, like Coelho, convicted of an aggravated felony or a drug trafficking offense. *See* AEDPA, Pub. L. No. 104-132, § 440(d), 110 Stat. 1214, 1276-79 (1996). Coelho relies on *I.N.S. v. St. Cyr*, 533 U.S. 289 (2001) for the proposition that § 212(c) should not be retroactively applied in his case. Such reliance is misplaced. In that case, as here, the alien pled guilty in state court to an offense that made him deportable. However, unlike Coelho, the alien in *St. Cyr* would have been eligible for a waiver of deportation under § 212(c) at the time of his guilty plea. *Id*. at 293. As such, the Court's holding that § 212(c) relief is available for aliens "whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect," does not apply in cases like this one, where the alien pled guilty *after* AEDPA's effective date, and thus was ineligible for § 212(c) at the time of his plea. *Id*. at 326; *see Alvarez-Barajas v. Gonzales*, 418 F.3d 1050, 1054 (9th Cir. 2005) (rejecting petitioner's argument that "AEDPA's elimination of § 212(c) relief for all aggravated felons cannot be applied to him" because petitioner "pled guilty *after* the effective date of AEDPA.").

For these reasons, even assuming counsel failed to perform with sufficient competence, the government met its burden to prove Coelho's deportability, and

Coelho was ineligible for a § 212(c) waiver because he pleaded guilty to a deportable offense after the effective date of AEDPA. There is neither evidence nor allegation that any other avenue of relief from deportation was or is open to Coelho. Thus, Coelho cannot show any prejudice resulting from the alleged ineffective assistance of counsel.

**PETITION DENIED.**