**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN MORLA BUMATAY, | No.    16-74044 |
| Petitioner, | Agency No. A046-564-058 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 21, 2019[**]
Honolulu, Hawaii

Before:  GRABER, M. SMITH, and WATFORD, Circuit Judges.

**1.** The Board of Immigration Appeals (BIA) correctly determined that John

Bumatay is removable based on his conviction for a controlled substance offense.

*See* 8 U.S.C. § 1227(a)(2)(B)(i).  Bumatay was convicted under a Hawaii statute

prohibiting the knowing possession of certain drugs.  Haw. Rev. Stat.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 712-1243(1). Although that statute criminalizes the possession of at least two drugs that are not similarly proscribed by the Controlled Substances Act, the Hawaii statute is divisible based on the drug at issue. *See Ragasa v. Holder*, 752 F.3d 1173, 1176 (9th Cir. 2014). Here, under the modified categorical approach, it is apparent that the drug underlying Bumatay's conviction was methamphetamine, a substance covered by the Controlled Substances Act. *See* 21 U.S.C. § 812(c).

Count One of the amended felony information charged Bumatay with knowing possession of "methamphetamine," and the judgment of conviction reflects that he pleaded guilty to that count. The relevant conviction documents refer to only one substance, so no reasonable possibility exists that Bumatay's conviction was based on the possession of another drug. *United States v. Leal-Vega*, 680 F.3d 1160, 1169 (9th Cir. 2012). The fact that the relevant conviction documents contain references to different police report numbers is irrelevant to the analysis under the modified categorial approach.

**2.** Bumatay appears to challenge the immigration judge's denial of his application for cancellation of removal. Because Bumatay failed to raise that challenge before the BIA, we lack jurisdiction to consider it. *See* 8 U.S.C. § 1252(d)(1); *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED IN PART and DISMISSED IN PART.**